**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:16-cv-00256-RJC
(CRIMINAL CASE NO. 3:08-cr-00134-RJC-DSC-3)**

| | |
|---|---|
| **HEVERTH ULISES CASTELLON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 9]. The Petitioner is represented by Ann Hester of the Federal Defenders of Western North Carolina.

**I.     BACKGROUND**

On July 27, 2009, Petitioner Heverth Ulises Castellon ("Petitioner") was charged in a Third Superseding Bill of Indictment with one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count One); one count of conspiracy to distribute and possession with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846 (Count Two); one count of Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951 (Count Forty-Six); one count of attempted Hobbs Act robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951 and 2 (Count Forty-Seven); one count of aiding and abetting the possession of a firearm in furtherance

---
[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00256-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:08-cr-00134-RJC-DSC-3.

of a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2 (Count Forty-Eight); one count of Hobbs Act extortion conspiracy in violation of 18 U.S.C. § 1951 (Count Fifty-Eight); one count of aiding and abetting a conspiracy to defraud the United States, obstruct justice, and tamper with witnesses, in violation of 18 U.S.C. §§ 371 and 2 (Count Sixty-One); one count of aiding and abetting the obstruction of justice in violation of 18 U.S.C. §§ 1503 and 2 (Count Sixty-Two); and one count of aiding and abetting the tampering with witnesses in violation of 18 U.S.C. §§ 1512(b)(1) and 2 (Count Sixty-Three). [CR Doc. 623: Third Superseding Bill of Indictment]. Count Forty-Eight of the Bill of Indictment, which is implicated in the motion before the Court, reads as follows:

**COUNT FORTY-EIGHT**
**(Possession of Firearm During and in Furtherance of a Crime of Violence)**
…
92. On or about and between March 18, 2008 and March 21, 2008, in Mecklenburg County, within the Western District of North Carolina and elsewhere, the defendants [Petitioner, Juan Gilberto Villalobos, and Oscar Manual Moral-Hernandez] aiding and abetting each other and others both known and unknown to the Grand Jury, **during and in relation to a crime of violence, that is, the violation of Title 18, United States Code 1951 set forth in Counts Forty-Six and Forty-Seven of this Indictment**, for which they may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry one or more firearms, and, in furtherance of such crime of violence, did possess said firearms, to wit: a nine millimeter semi-automatic pistol and a .380 caliber semi-automatic pistol.

All in violation of Title 18, United States Code, Sections 924(c) and 2.

[CR Doc. 623 at 74 (emphases added)]. As noted, Count Forty-Six is Hobbs Act conspiracy and County Forty-Seven is attempted Hobbs Act robbery.

On October 22, 2009, Petitioner pleaded guilty "straight up" without a plea agreement to all charges in the Third Superseding Indictment. [CR Doc. 713: Acceptance and Entry of Guilty

2

Plea]. Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 1010: PSR]. The probation officer found Petitioner's criminal history category to be I and his Total Offense Level to be 32. [Id. at ¶¶ 100, 105]. Petitioner's statutory term of imprisonment for Count Forty-Eight was a minimum of five years to life. 18 U.S.C. 924(c). The resultant guidelines range for imprisonment was 121 to 151 months followed by a mandatory consecutive sentence of 5 years. [Id. at ¶¶ 128-29]. Petitioner's sentencing hearing was held on June 29, 2010. The Court sentenced Petitioner to 180 months on each of Counts 1, 2, 46, 47, 58, and 63, to be served concurrently; a term of 60 months on Count 61 and a term of 120 months on Count 62, both of which to be served concurrently with the terms imposed on Counts 1, 2, 46, 47, 58, and 63; and a term of 60 months on Count 48, to be served consecutively to all other terms imposed, for a total of 240 months' imprisonment. [CR Doc. 1187 at 2: Judgment]. Judgment on this conviction was entered on August 12, 2010. [Id.]. The Fourth Circuit Court of Appeals affirmed Petitioner's conviction. [CR Doc. 1485].

On May 24, 2016, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 1]. The Court conducted an initial screening of Petitioner's Motion and ordered the Government to respond. [CV Doc. 2]. On the Government's request, the Court then stayed the matter pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433. [CV Doc. 3, 4]. The Fourth Circuit then stayed Ali pending the decision of the Supreme Court in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019. Thereafter, Petitioner filed a Supplemental Memorandum in Support of Section 2255 Motion. [CV Doc. 5]. The Government timely filed a motion to dismiss Petitioner's § 2255 motion to vacate. [CV Doc. 9]. The Petitioner responded to the Government's motion [Doc. 11] and the Government

replied [Doc. 14].

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner argues he is entitled to relief on these grounds because, under Johnson, his § 924(c) conviction on Count Forty-Eight was imposed in violation of the Constitution and laws of the United States. [See CV Doc. 1]. In his Section 2255 Motion to Vacate, Petitioner alleges:

> [Petitioner's] conviction on count 48sss, for violating 18 U.S.C. § 924(c), was based on his having used and carried a firearm in furtherance of the conspiracy to commit Hobbs Act robbery alleged in count 46sss **and** the attempted Hobbs Act robbery alleged in count 47sss.

[CV Doc. 1 at 2 (emphasis added)]. Petitioner then argues:

> [Petitioner's] § 924(c) conviction should be vacated in light of Johnson. This § 924(c) conviction for using a firearm in relation to a "crime of violence" is void **because the predicate offenses of conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery do not qualify as a "crime of violence"** in light of Johnson.

4

[Id. at 3 (emphasis added)].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Section 924(c), which is at issue here, criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA's residual clause," which was found to be unconstitutionally vague, Petitioner's charges of Hobbs Act conspiracy and attempted Hobbs Act robbery can qualify as § 924(c) "crimes of violence" only under the force clause. [CV Doc. 1 at 5]. Three years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139

S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, after Davis, under Petitioner's argument, Petitioner's conviction on Count Forty-Eight is only valid if Hobbs Act conspiracy and attempted Hobbs Act robbery qualify as a "crimes of violence" under § 924(c)'s force clause.

On July 31, 2019, about a month after Davis, the Fourth Circuit held that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Then, two weeks later, Petitioner filed a Supplemental Memorandum in Support of Section 2255 Motion. [CV Doc. 5]. In Petitioner's Supplemental Memorandum, he argues for the first time that his § 924(c) conviction was "based [only] on a conspiracy to commit a Hobbs Act robbery," [CV Doc. 5 at 2], "because [Petitioner's] guilty plea to the Section 924(c) count is predicated on the 'least serious' charge of conspiracy, not any more serious charge" [Id. at 3 (citing United States v. Chapman, 66 F.3d 220, 227 (4th Cir. 2012) and United States v. Vann, 660 F.3d 771, 774 (4th Cir. 2011)]. Petitioner also argues that, even if his § 924 (c) conviction were based on attempted Hobbs Act robbery, his conviction is still invalid because attempted Hobbs Act robbery is not a crime of violence. [CV Doc. 11 at 2-8].

The Court first addresses Petitioner's argument that, under Chapman and Vann, his § 924(c) conviction was based on the "least serious" charge of conspiracy. Vann involved a direct appeal of the application of an ACCA sentencing enhancement for three previous convictions under North Carolina's indecent liberties statute, N.C.G.S. 14-202.1, the violation of which the district court found to be a violent felony. 660 F.3d at 772. Section 14-202.1(a) provides, in pertinent part, that "[a] person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:"

> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purposes of arousing or gratifying sexual desire; **or**
>
> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

Vann, 660 F.3d at 772-73 (quoting N.C.G.S. § 14-202.1(a) (emphasis added). Subsection (a)(2) of this criminal statute is considered a "violent felony," while subsection (a)(1) is not. The charging document, as is appropriate, stated the statute conjunctively, rather than using the disjunctive "or." Id. at 774.

The Fourth Circuit held that the district court improperly enhanced defendant's sentence based on defendant's three previous convictions under this statute because the defendant did not necessarily plead guilty to violation of subsection (a)(2), the disjunctive "violent felony," when he pleaded guilty to the conjunctively stated charge in the indictment. Vann, 660 at 774-76. The Fourth Circuit, therefore, found that defendant's indecent liberties offenses were not ACCA violent felonies and vacated defendant's sentence. Id. at 776.

In Chapman, the Fourth Circuit addressed a criminal defendant's constitutional challenge to Section 922(g)(8), which prohibits a person who is subject to a domestic violence protective order from possessing a firearm under certain circumstances. Chapman, 666 F.3d at 223. As part of this inquiry, the Court, citing Vann, noted that "when a defendant pleads guilty to a formal charge in an indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct." 666 F.3d at 228 (citing Vann, 660 F.3d at 775).

Neither Vann nor Chapman apply here. Petitioner was not charged in an indictment "alleging conjunctively the disjunctive components of a statute," such that it cannot be said that

7

Petitioner necessarily pleaded guilty to possessing a firearm in furtherance of a crime of violence in violation of § 924(c). Rather, Petitioner was charged separately with two violations of 18 U.S.C. § 1951, one for Hobbs Act conspiracy (Count Forty-Six) and one for attempted Hobbs Act robbery (Count Forty-Seven), then charged with a § 924(c) violation based on <u>both</u> of those predicates (Count Forty-Eight). Petitioner pleaded guilty to Count Forty-Eight based on the predicates stated in both Counts Forty-Six and Forty-Seven.

Further, Petitioner's argument that Hobbs Act conspiracy is somehow less serious than attempted Hobbs Act robbery is unsupported, in any event. These offenses are subject to the same statutory punishment, imprisonment of "not more than twenty years." 18 U.S.C. § 1951(a). Further, both offenses are subject to the same Sentencing Guideline – U.S.S.G. § 2X1.1, which covers "Attempt, Solicitation, or Conspiracy." U.S.S.G. § 2X1.1. As such, even if the Court were forced to consider only the "least serious" charge to which Petitioner may have pleaded guilty, there is no winner and no loser. The Court cannot arbitrarily pick one over the other to suit Petitioner's purposes.

Nonetheless, because Petitioner plainly pleaded guilty to § 924(c) based on both Hobbs Act conspiracy and attempted Hobs Act robbery, the Court must address whether at least one of these predicates is a crime of violence for § 924(c) purposes. In <u>United States v. Simms</u>, 914 F.3d 229 (4th Cir. 2019), the Fourth Circuit held that conspiracy to commit Hobbs Act robbery is not a "crime of violence" for § 924(c) purposes. As such, Petitioner's § 924(c) conviction is valid only if attempted Hobbs Act robbery is crime of violence.

The Fourth Circuit has not squarely addressed whether attempted Hobbs Act robbery is a crime of violence. Logic and decisions of other courts, however, show that it is. The force clause, 18 U.S.C. § 924(c)(3)(A), embraces any felony that "has as an element the use, <u>attempted use</u>, or

8

threatened use of physical force against the person or property of another." (emphasis added). Hobbs Act robbery is a crime of violence under the force clause. United States v. Mathis, 932 F.3d 242, 266 (2019). "Like completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes 'attempted use' of force." United States v. St. Hubert, 909 F.3d 335, 351 (4th Cir. 2018). See also United States v. Holland, 749 Fed. App'x 162, 166 (4th Cir. 2018) (holding and noting that several other circuits have recently held that, for ACCA sentencing enhancement purposes, "attempting to commit a substantive offense that qualifies as a violent felony also constitutes a qualifying violent felony"). The Court, therefore, finds that attempted Hobbs Act robbery is a crime of violence under § 924(c)'s force clause. As such, Petitioner's conviction thereunder is valid.

The Court will, therefore, grant the Government's motion to dismiss Petitioner's Section 2255 Motion to Vacate.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid, the Court will grant the Government's motion to dismiss.

**IT IS, THEREFORE ORDERED** that:

(1) Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) The Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 9] is **GRANTED**.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: January 23, 2020

Robert J. Conrad, Jr.
United States District Judge